STATE, Plaintiff, v. HILDEBRAND, Defendant.

*June 30, 1967.*

For the plaintiff there was a brief by *Rudolph P. Regez* of Monroe, counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *Fred W. Hildebrand* of Sheboygan, *pro se.*

PER CURIAM. Fred W. Hildebrand, defendant, is engaged in the practice of law at Sheboygan, Sheboygan county, Wisconsin. He has practiced law in Sheboygan since his admission to the Wisconsin Bar in 1952, after graduation from the University of Wisconsin Law School. Mr. Hildebrand is thirty-eight years old.

Although at the hearing in these proceedings defendant's counsel took exception to the claim that certain funds were converted by the defendant to his own use, and the referee in this matter stated there was no evidence of actual fraud, the defendant has nevertheless admitted the charges lodged against him and has seen fit to offer evidence in mitigation of the offenses charged in the complaint.

The defendant's brief, filed with this court, is demonstrative evidence of defendant's contrition. The question then is what discipline shall the court impose. In regard to discipline the defendant has asked the court for mercy in such action as the court deems equitable and just.

In the referee's report, the referee found, in regard to the charges against the defendant, as follows:

"In the instant case, there is no evidence of actual fraud involved. However, he did commit acts of unprofessional conduct in that he ignored without sufficient cause reasonable orders from the State Board of Bar Commissioners and also that he did on occasion collect monies for clients and commingled them with his own until such times as he disbursed them properly, thus commiting acts of technical embezzlement. . . ."

This court determines that conduct such as that of Mr. Hildebrand is a very serious matter and discipline must be imposed upon the offender.

However, this court also takes notice of three specific findings of fact by the referee. These findings are as follows:

"7. That there is no evidence that Defendant actually embezzled any money except for the inference to be drawn from his commingling his clients' money with his own.

"8. That all moneys originally due clients from Defendant have all been paid.

"9. That Defendant was cooperative during the hearing herein; that he is personable; possesses most of the attributes of a successful lawyer; that he still retains the confidence of his former clients and the public generally, as evidenced by the presence and flattering testimony of one county judge of his county, a retired minister, who is well acquainted with Defendant and his family, by substantial professional men and citizens of his community."

It is readily apparent that Mr. Hildebrand has a good reputation as an attorney and as a public-spirited and useful citizen. The findings of fact which bear upon defendant's contrition and his awareness of his obligations and responsibilities to his clients and the general public are undisputed and we deem them to be of significant value in mitigation of the charges herein involved.

The referee, after a lengthy hearing, recommended ". . . that the Defendant be severely reprimanded . . . for his past derelictions as already indicated, . . . and

that he further be required to pay the costs of these proceedings, . . ."

Upon consideration of all of the circumstances, we deem a reprimand and imposition of costs sufficient discipline in this instance.

Wherefore, it is ordered and adjudged, that the defendant be and hereby is reprimanded severely for his conduct as hereinbefore described and that he pay the costs of these proceedings.

HEFFERNAN, J., took no part.